[No. 6928.   Decided November 8, 1907.]

S. B. ASIA, *Appellant*, v. HERMAN E. POOL, *Respondent*.[1]

NUISANCE—SUFFICIENCY OF EVIDENCE. The evidence is sufficient to show a nuisance in maintaining a fish market in an improper and obnoxious manner, where the evidence of many witnesses from the immediate vicinity was to the effect that offensive fumes and odors from shellfish, boiled or stored in an improper manner, permeated the atmosphere, and the same was not disputed except by negative testimony of persons occasionally in the market; and it was error to dismiss an action to abate the same.

SAME — DAMAGES — EVIDENCE — SUFFICIENCY. The plaintiff, conducting a mercantile business, should not be denied damages from a nuisance in the maintenance of a fish market in an improper and obnoxious manner from the fact that he cannot state definitely the amount of loss sustained, where it appeared that offensive odors from the improper boiling or storing of shellfish permeated his goods, materially interfered with his trade, and the sales and volume of his business fell off largely, and testimony was given as to the value of goods carried in stock and the volume of business done before and after the location of the market.

[1]Reported in 92 Pac. 351.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered February 16, 1907, in favor of the defendant, after a trial before the court without a jury, dismissing an action to abate a nuisance, and for damages. Reversed.

*Dennis & Burdick*, for appellant.

*Campbell & Powell*, for respondent.

Root, J.—This is an appeal from a judgment of dismissal in an action for damages, brought by appellant against respondent, on account of the latter's maintaining a market where all kinds of fresh and salt fish, oysters, clams, and crabs were kept in a manner alleged to have been so offensive as to constitute a nuisance. Appellant was operating a mercantile business in a store almost immediately over the rooms occupied by said market, and was engaged in selling drygoods, clothing, ladies' furnishing goods, and millinery, and was there in business before respondent located his business below. This action was instituted to have the market declared a nuisance and to abate the same, and for damages. After the commencement of the action and before a trial, the respondent quit the premises and removed his business elsewhere. The trial was had solely upon the question of right and amount of damages.

There was considerable conflict in the evidence as to the manner in which the market was conducted. Respondent placed upon the witness stand numerous witnesses who testified that his business was conducted in a first-class manner, and the premises kept as cleanly and free from odors as could be ordinarily done by a person operating a fish market. Two or three testified they thought it was the best kept market in Tacoma. Most of these witnesses, however, were persons who were not at or in the immediate vicinity of the market continuously, but dropped in from time to time to make purchases, or for other purposes. The appellant testified that, on account of the boiling of crabs and the storing of fish and shellfish and maintaining them in an improper manner, very offensive

odors came up through the building into his store, permeated his goods, and materially interfered with his trade; that on account thereof the volume of his business fell off largely, although he was unable to state definitely the amount of loss sustained on account thereof. Several of the clerks in his store testified that this odor permeated appellant's store and at times was so pronounced and obnoxious as to make them sick; that customers spoke of it and frequently left the store immediately because thereof. Immediately above the store of appellant were the Y. W. C. A. rooms, the secretary of which organization testified that the odors from the market came up into those rooms to such an extent that the atmosphere was made very disagreeable. One of the city's sanitary inspectors gave testimony as to visiting the market upon different occasions and finding very offensive fumes arising from the water in which crabs were or had been boiling, and from fish or shellfish stored in an improper manner. The owner of a nearby shoe store stated upon the witness stand that the smell was "awful." The wife of a prominent Tacoma citizen testified that she visited appellant's store as a customer and that the fumes were so offensive that she made inquiries as to what was the matter. The positive testimony of this inspector, of the Y. W. C. A. secretary, of the shoe-store man and customers, and of the clerks in the store as to the prevalence of these obnoxious odors was not disputed, except in the negative manner as hereinbefore stated.

The case was tried by the judge of the superior court sitting without a jury. His reasons for dismissing the action are not set forth in the record. But it is urged by respondent in his brief that the trial judge did not believe the evidence proved the market to have been a nuisance, and did not believe that the evidence as to damages was definite enough to permit an award therefor. The case having been tried without a jury, it becomes necessary for us to try it *de novo* upon the record brought here. From the undisputed evidence and from a consideration of the testimony taken as a whole, we cannot escape

the conclusion that this market as operated by respondent constituted a nuisance to this appellant.

As to the ascertainment of the amount of damages occasioned appellant by the maintenance of the market in the manner shown, there must, from the nature of the injury, be uncertainty and difficulty. Appellant testified as to the quality and value of the goods carried in stock and as to the volume of business done before and after the location of the market, and as to other matters having a bearing upon the amount of business done during the respective periods covered. His evidence showed a large falling off of sales during the time the market was there. How much of this was due to the presence of respondent's business cannot be determined, but that some of it was attributable thereto is beyond question. It would be practically impossible for appellant or any one else to know or ascertain with anything like mathematical nicety the amount of business driven from his store by reason of these obnoxious odors. The very nature of the injury shows that the damage could not be calculated with any considerable degree of accuracy; but that such conditions wrought a substantial injury to the appellant could not well be doubted; and it is the law that in cases of this character the injured party shall not be sent from the court remediless because the precise amount of damages is not ascertainable. In such cases the court or jury is called upon to make such an award as under all the circumstances would seem to be equitable and just without being excessive, to the end that substantial justice may be approximated, although impossible of accurate measurement.

We think that the appellant is entitled to a judgment against the defendant in some amount. The case is reversed and remanded to the superior court, with directions to ascertain the amount of damages. A jury may be had for this purpose if either side demands the same and pays the fee therefor.

HADLEY, C. J., FULLERTON, RUDKIN, DUNBAR, and CROW, JJ., concur.